UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| KEVIN L. WILSON, | |
| Plaintiff, | Civil Action No. 5:12-00079-JBC |
| v. | |
| KENTUCKY DEPARTMENT OF CORRECTIONS, *et al.*, | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Kevin L. Wilson, confined in the Eastern Kentucky Correctional Complex ("EKCC") in West Liberty, Kentucky, has filed this 42 U.S.C. § 1983 civil rights action.[1] As Wilson has been granted *in forma pauperis* status and is asserting claims against government officials, the court now screens his Complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Both of these sections require dismissal of any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *Id.*; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). As explained below, Wilson's Complaint will be dismissed without prejudice for obvious lack of administrative exhaustion.

### ALLEGATIONS OF THE COMPLAINT

Wilson alleges that because of his "charges," he has been placed in protective custody in the EKCC, but that despite his placement there, he fears for his physical safety,

---

[1] The named defendants are (1) the Kentucky Department of Corrections ("KDOC") (2) the EKCC; (3) EKCC Lieutenant "K. Halsey; (4) EKCC Sergeant Juan Krow; (5) EKCC Correctional Officer Robert Skaggs; and (6) an unidentified EKCC Mailroom Clerk.

presumably at the hands of other inmates. Wilson does not identify his "charges," but he alleges that Defendants Halsey, Krow, and Skaggs have disclosed (presumably to other inmates) when some inmates have been charged with, or convicted of, sex offenses. Wilson states that he was moved to "Dorm 9," but that within a few days of being moved there, Defendant Halsey told "the Walkman" about his (Wilson's) "charge." [R. 1, p. 2].

Wilson alleges that as soon as he is released to the prison yard, he is returned to protective custody; that EKCC Warden Gary Beckstrom has ignored his verbal complaints concerning his safety and possible retaliation against him; that the defendants have failed to protect him from potential harm; and that he fears for his physical safety. These claims fall under the Eighth Amendment of the United States Constitution, which prohibits cruel and unusual punishment. Wilson also alleges that the EKCC mail-room staff has interfered with, or lost, his legal mail. This claim falls under the First Amendment of the United States Constitution, which guarantees the right of access to the courts.

Wilson filed a pre-printed prisoner civil rights Complaint Form, which in § IV (B)(5) requires state prisoners to explain their compliance, if any, with the KDOC's four-step grievance process.[2] Wilson responded to those questions by stating, "Was not allowed because Warden was busy. I was on suicide watch. Paperwork disappears a lot there in Dorm 9." [*Id.*, p. 5].

Wilson seeks $500,000,000.00 in damages, expungement of his criminal record, and immediate release from custody.

---

[2] The KDOC's administrative regulations known as Corrections Policies and Procedures ("CPP") dictate all prison grievance procedures. *See* 501 K.A.R. 6:020. CPP § 14.6, entitled *Inmate Grievance Process*, lists the steps which KDOC inmates must pursue during the grievance process prior to filing a lawsuit.

## DISCUSSION

This proceeding will be dismissed without prejudice because it is obvious from the face of the Complaint that Wilson failed to fully administratively exhaust his constitutional claims prior to filing this action on March 14, 2012.

Pursuant to CPP 14.6, at KDOC an inmate must file a written grievance and seek an Informal Resolution, [§ II (J)(1)-(4)], ("Step 1"). If not satisfied there, he must submit a written request to the Grievance Committee seeking a hearing to consider his grievance, [§ II (J)(2)], ("Step 2"). If not satisfied with the Grievance Committee's disposition, he must appeal to the Warden, [(§ II (J)(3)], ("Step 3"). Finally, if dissatisfied with the Warden's decision, he must file an appeal to the Commissioner of the KDOC, [§ II (J)(4)], ("Step 4"). Time frames for appeals and responses are established within the regulation.

The Prison Litigation Reform Act, ("PLRA"), 42 U.S.C. § 1997e(a), requires state and federal prisoners to exhaust all available administrative remedies before challenging any aspect of their prison conditions. The PLRA means precisely what it says. *See Booth v. Churner*, 532 U.S. 731, 741 (2001); *Porter v. Nussle*, 534 U.S. 516, 525 (2002). The exhaustion of administrative remedies must be done "properly," which means going through all steps that the agency requires, obeying all directions, and adhering to all deadlines set by the administrative rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

Wilson justified his failure to administratively exhaust his claims by stating that the "Warden was busy" and that "paperwork disappears a lot in Dorm 9," but he ignores that he was first required to seek an informal resolution from the EKCC staff under Step1 of CPP § 14.6, and, if unsuccessful there, request a hearing from the EKCC Grievance

Committee under Step 2. Exhaustion is required even if the prisoner subjectively believes that the administrative remedy procedure is ineffectual or futile. *Pack v. Martin*, 174 F. App'x. 256, 262 (6th Cir. 2006). Therefore, Wilson will not be allowed to by-pass the KDOC's four-step grievance process concerning his constitutional claims.

A prisoner complaint can be dismissed *sua sponte* for failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust his administrative remedies. *Jones v. Bock*, 549 U .S. 199, 214-15 (2007); 28 U.S.C. § 1915A(b)(1)); *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007). District courts in this circuit have also held that *sua sponte* dismissal of a prisoner civil rights complaint is warranted where failure to exhaust is apparent from the face of the complaint. *See Smith v. Lief*, No. 5:10-00008-JMH, 2010 WL 411134 at *4 (E.D. Ky. January 27, 2010); *Gunn v. Kentucky Depart. Of Corrections*, No. 07-103, 2008 WL 2002259, * 4 (W.D. Ky. May 7, 2008);

Accordingly, Wilson's Complaint will be dismissed without prejudice to his filing another § 1983 action after he has fully completed the KDOC administrative remedy process concerning both his First Amendment legal mail claims and his Eighth Amendment failure-to-protect claims.[2]

## CONCLUSION

Accordingly, for the reasons stated above, **IT IS ORDERED** as follows:

(1)   Plaintiff Kevin L. Wilson's Complaint [R. 1] is **DISMISSED WITHOUT**

---

[2] If Wilson files another § 1983 complaint after fully exhausting the claims asserted in this action, he will automatically qualify for a waiver of the $350.00 filing fee, assuming he asserts the same claims he raised in this action. *See Owens v. Keeling*, 461 F.3d 763, 772-73 (6th Cir. 2006). The *Owens* fee-waiver provision may not apply if Wilson asserts additional or unrelated claims.

**PREJUDICE** for obvious failure to exhaust;

    (2)    This action is **STRICKEN** from the active docket of the court; and

    (3)    Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

Signed on  April 18, 2012

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY